IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER FRATER,<br><br>Defendant. | 8:22CR165<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Christopher Frater's ("Frater") Motion to Suppress (Filing No. 30). Frater seeks to suppress "any and all evidence and statements obtained by the Government as a result of the stop, detention and seizure of [Frater]" that resulted in drug charges against him. The traffic stop at issue was conducted by Officer Matthew Keenan ("Officer Keenan") on July 13, 2022, in Sarpy County, Nebraska.

On February 22, 2023, the magistrate judge[1] held an evidentiary hearing on Frater's motion. She issued a Findings and Recommendation (Filing No. 50) pursuant to 28 U.S.C. § 636(b)(1), recommending Frater's motion be denied.

Frater timely objected to the magistrate judge's Findings and Recommendation, *see id.* at § 636(b)(1)(c) (giving a party fourteen days to file written objections to findings and recommendations), arguing she "erred by determining Officer Keenan had reasonable suspicion to further detain [Frater] and conduct a canine search" after the initial traffic stop (Filing No. 55). The government asks the Court to overrule the objection and adopt the magistrate judge's recommendation (Filing No. 57).

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

Section 636(b)(1) requires the Court to "make a de novo review of . . . specified proposed findings or recommendations to which objection is made." The Court can then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Crim. P. 59(b)(3). The Court has carefully reviewed the magistrate judge's thorough analysis, Frater's objection, and the balance of the record, and finds Frater's objection is without merit.

The magistrate judge determined Officer Keenan had reasonable suspicion to extend the traffic stop, explaining that "by the time the drug dog was deployed, Officer Keenan had reasonable suspicion of criminal activity." *See United States v. Lindsey*, 43 F.4th 843, 847 (8th Cir. 2022) ("To extend a routine traffic stop, an officer needs reasonable suspicion of additional criminal activity." (quoting *United States v. Callison*, 2 F.4th 1128, 1132 (8th Cir. 2021))). The magistrate judge cited, among other cases, *United States v. Pacheco*, 996 F.3d 508, 512 (8th Cir. 2021) (finding reasonable suspicion to extend a traffic stop where there was "incongruity between [the car's] short rental period and [the] described travel plans" and the defendant "gave odd answers about his travel plans"), and *United States v. McCarty*, 612 F.3d 1020, 1025 (8th Cir. 2010) (determining an officer had reasonable suspicion based on the "outwardly puzzling decision to rent a car for a one-way trip at substantial expense").

Although Frater attempts to distinguish his circumstances from those in *Pacheco* and *McCarty*, his arguments are unavailing. As the magistrate judge noted, Frater's "travel itinerary did not make sense," and the "timeline [was] inconsistent," which "highly suggest[ed] he was lying about his trip" from California to New York. Likewise, Frater's "means of travel was . . . unusual and suspicious," particularly because he "could have booked a flight to New York for less than he paid for his rental" car.

The Court agrees with the magistrate judge's sound reasoning and conclusion that, "[c]onsidering the totality of the circumstances, along with Officer Keenan's experience

2

and observations . . . Officer Keenan had reasonable suspicion to extend the traffic stop to perform a dog sniff." Accordingly,

IT IS ORDERED:
1. Defendant Christopher Frater's objection (Filing No. 55) is overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 50) is accepted.
3. Frater's Motion to Suppress (Filing No. 30) is denied.

Dated this 22nd day of May 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge